UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:13CR143 CDP NAB |
| | ) | |
| | ) | |
| ORLANDO PRESTON a/k/a, | ) | |
| Nizza P. EL, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

All pretrial matters in this cause have been referred to the undersigned pursuant to 28

U.S.C. §636(b).  Pending before the undersigned is Defendant Orlando Preston a/k/a Nizza P.

EL's *pro se* Notice which includes documents entitled, "Affidavit of Fact" and "Averment of

Jurisdiction- Quo Warranto" [Doc. #319].  The Notice was docketed as a motion and the

undersigned held a hearing on the motion on September 30, 2013.  Defendant appeared at the

hearing *pro se* and the United States was represented by Assistant U.S. Attorney John Ware.

In the Affidavit of Fact, Defendant asks this Court to have the U.S. Attorney swear under

oath that the charges in his case are "law under the U.S. Constitution".  In addition, he contends

that a failure to do so requires that this court enter a default judgment in his favor.   In the

Averment of Jurisdiction – Quo Warranto, Defendant requests that the FBI, the United States

Attorney,  a state agent and two St. Louis Police Department detectives "produce for the record,

the physical documented 'Delegation of Authority',  as Proof of Jurisdiction, as required by Law,

per Article III Section 1 of the United States Republic Constitution."

While the thrust of Defendant's documents is unclear, it appears that Defendant is challenging the court's jurisdiction over him and his alleged crimes and is asking that the indictment be dismissed. The Averment of Jurisdiction – Quo Warranto document appears to be a general challenge to the jurisdiction of the police officers and agents and the U.S. Attorney to bring the charges against Defendant. It will be construed as a challenge to the court's jurisdiction over his person (personal jurisdiction). The document titled Affidavit of Fact appears to be a challenge to this Court's jurisdiction over the matters alleged in the indictment (subject matter jurisdiction) and a request for dismissal of the indictment.

The court has "personal jurisdiction over [the defendant] by virtue of [the defendant] having been brought before it on a federal indictment charging a violation of federal law." *United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). *See also*, *United States v. Stuart*, 689 F.2d 759, 762 (8th Cir. 1982); *United States v. James*, 328 F.3d 953 (7th Cir. 2003)(dicta); *United States v. Toader*, 409 Fed. Appx. 9, 2010 WL 4780362 (C.A. 7 (Ill.)). In this case, Defendant was brought before the court after being indicted for four counts of mail fraud in violation of 18 U.S.C §1341, one count of conspiracy in violation of 18 U.S.C. §371 and one count of chop shop in 18 U.S.C. §2322. It is clear, therefore that the court has personal jurisdiction over Defendant.

The court also has subject matter jurisdiction in this case. 18 U.S.C. § 3231 states that "The district courts of the United states shall have original jurisdiction, exclusive of the courts of the States of all offenses against the laws of the United States." The defendant is here charged with violations of federal criminal laws and subject matter jurisdiction is proper in this court. *United States v. Foster*, 443 F.3d 978, 981 (8th Cir. 2006); *United States v. Schmitt*, 784 F.2d 880, 882 (8th Cir. 1986). Therefore, the documents filed by the defendant, *pro se*, construed as a motion to dismiss the indictment for lack of jurisdiction, should be denied.

Accordingly, for the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that Defendant's motion  [Doc. #319] be

**DENIED.**

The parties are advised that they have fourteen (14) days in which to filed written

objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1).  Failure to

timely file objections may result in a waiver of the right to appeal questions of fact.


Dated this 17th day of October, 2013.


             /s/ Nannette A. Baker
             NANNETTE A. BAKER
             UNITED STATES MAGISTRATE JUDGE